IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC.,<br>425 Third Street SW, Suite 800<br>Washington, DC 20024,<br><br>           Plaintiff,<br><br>v.<br><br>OFFICE OF THE DIRECTOR OF<br>NATIONAL INTELLIGENCE,<br>Washington, DC 20511,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Office of the Director for National Intelligence to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

**PARTIES**

3.      Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant, Office of the Director of National Intelligence ("ODNI"), is an agency of the United States government and is headquartered in Washington, DC 20511. ODNI has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On April 11, 2025, Plaintiff submitted a FOIA request to Defendant, seeking access to records and communications about statements made by Director Tulsi Gabbard during a cabinet meeting with President Donald Trump regarding vulnerabilities in electronic voting systems. This cabinet meeting took place on or about April 11, 2025. Specifically, the request sought:

> 1. Any records about statements made by Director Gabbard during a cabinet meeting with President Trump in which she stated that: "We have evidence of how these electronic voting systems have been vulnerable to hackers for a very long time and vulnerable to exploitation to manipulate the results of the votes being cast..."
>
> 2. All reports, evidence, assessments, memoranda, and / or briefings prepared by, for, or presented to the ODNI (including the National Intelligence Council or any Intelligence Community component) that evaluate the security, integrity, or vulnerabilities of electronic voting systems in the United States, particularly any documents referenced or relied upon by Director Gabbard in making her statements as described above.
>
> 3. Communications of Director Gabbard and ODNI personnel or between Director Gabbard (or her designated representative) and the Executive Office of the President, the Department of Homeland Security, the Cybersecurity and

Infrastructure Security Agency (CISA), Federal Bureau of Investigation, Central Intelligence Agency, Department of Defense relating to the content or preparation of Director Gabbard's statements.

The timeframe of the request was "January 1, 2016, to present."

6. By letter dated May 13, 2025, Defendant acknowledged receiving Plaintiff's request on April 14, 2025, and advised Plaintiff that the request had been assigned tracking number DF- 2025-00350. Plaintiff has received no communication from Defendant since the acknowledgment letter.

7. As of the date of this Complaint, Defendant has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
### (Violation of FOIA, 5 U.S.C. § 552)

8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

11. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by May 12, 2025, at the latest. Because Defendant failed to make a final determination within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate

that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: October 1, 2025                                         Respectfully submitted,

*/s/ Ramona Cotca*
Ramona R. Cotca
D.C. Bar No. 501159
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:   (202) 646-5175
Fax:   (202) 646-5199
Email: rcotca@judicialwatch.org

*Counsel for Plaintiff*